IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SPATCO, INC.,

        Plaintiff,

   v.

TESORO REFINING AND MARKETING
CO. and LOU DOBBINS, INC., dba
PIONEER ENERGY CO.,

        Defendants.

No. CV-03-874-HU

OPINION AND ORDER

Gary G. Linkous
Gary G. Linkous, P.C.
P.O. Box 636
Welches, Oregon 97067
    Attorney for plaintiff

Milo Petranovich
Charles F. Hudson
Lane Powell Spears Lubersky
601 Second Avenue Suite 2100
Portland, Oregon 97204
    Attorneys for defendant Tesoro Refining and Marketing

HUBEL, Magistrate Judge:

    This is an action for declaratory relief, in which Spatco, Inc. (Spatco) sought a declaration from the court that it properly terminated a contract entered into with Lou Dobbins, Inc., dba Pioneer Energy Company (Pioneer), for the purpose of selling the

OPINION AND ORDER Page 1

petroleum products of Tesoro Marketing and Refining Company (Tesoro). Pioneer assigned the contract to Tesoro in June 2001.

In November 2004, the parties filed cross motions for summary judgment. Both parties failed to comply with the Local Rules governing summary judgment motions, leaving the record in poor condition for ruling on the legal arguments actually presented and raising some legal issues the parties failed to address. While the motions for summary judgment were pending, plaintiff requested leave to file an amended complaint and a second amended complaint. (doc. # 48, 58). On January 14, 2005, plaintiff withdrew both motions. (doc. # 62).

On February 28, 2005, the court granted in part and denied in part Spatco's motion for summary judgment, and denied Tesoro's motion for summary judgment, concluding, *inter alia,* that Spatco was entitled to a declaration that it properly terminated the contract (doc. # 70). On March 4, 2005, pursuant to the joint request of the parties, the court struck the scheduled pretrial conference and three-day jury trial. (doc. # 77). The parties were ordered to file simultaneous briefs on the issue of repudiation and/or rescission and set oral argument on the issue. (doc. # 77). On March 14, 2005, Tesoro filed a Response to Plaintiff's Concise Statement of Facts, Supplemental Concise Statement of Fact, and Supplemental Memorandum on Cross-Motions for Summary Judgment, all to be applied to the cross motions for summary judgment that the court had ruled on in February 2005 (doc. # 78, 79, 80). On March 21, 2005, Spatco filed a motion to strike Tesoro's Response to

OPINION AND ORDER Page 2

Plaintiff's Concise Statement of Facts and the Affidavit of Donald Reese (doc. # 85).

On April 6, 2005, the court heard oral argument on the issue of repudiation and/or rescission. The court ordered the parties to submit further briefing on the issue by May 5, 2005 (doc. # 89). Tesoro submitted additional briefing, but Spatco did not.

Tesoro's position is that the agreement between the parties has been rescinded, and that the court should enter a judgment in its favor reflecting the uncontested amount of the payments received by Spatco, after deducting the offsets the court has determined in Spatco's favor. However, the amount of the payments received by Spatco, and the offsets determined in Spatco's favor have never been agreed upon by the parties.

Spatco, despite its having originally brought this action seeking a declaration that it had properly terminated the contract, now asserts that its letter to Tesoro terminating the contract was not a termination, but a modification, and that Tesoro's actions constitute an anticipatory repudiation of the contract. Nevertheless, Spatco argues that the contract should be left "intact," so that it can be awarded attorney's fees as a prevailing party.

I conclude that, regardless of whether the contract between the parties was repudiated or rescinded, the appropriate remedy on this record is Spatco's payment to Tesoro of the principal amount advanced under the Amortization Agreement, plus interest. The issues which remain for resolution in an evidentiary hearing are

OPINION AND ORDER Page 3

the principal sum due to Tesoro, after offsets, and when interest began to accrue on that amount. Spatco's argument that the contract between the parties remains in effect and entitles it to claim attorney's fees as a prevailing party is without merit. It is not the prevailing party in that sense.

An evidentiary hearing to determine the amounts due to Tesoro is set for October 13, 2005 at 9:30 a.m. Spatco's motion to strike (doc. # 85) is GRANTED.

IT IS SO ORDERED.

Dated this _23rd_ day of <u>August</u>, 2005.

/s/ Dennis J. Hubel

Dennis J. Hubel
United States Magistrate Judge

OPINION AND ORDER Page 4